UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| RAFAEL NUNEZ PENNA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 1:26-cv-00275-SNLJ |
| | ) | |
| GARY STOLZER, *et al*., | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM AND ORDER**

Petitioner Rafael Nunez Penna, a federal immigration detainee, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the legality of his civil detention without bond. [Doc. 1]. This matter is before the Court on a Motion for Recognition of Next Friend Status [Doc. 2] filed by Petitioner's spouse. Pursuant to 28 U.S.C. § 2242 an "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." A "next friend" may pursue a habeas corpus action on behalf of a detained person, who remains the real party in interest. *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990). Next friend status is appropriate where a detainee is unable to prosecute the action on his own. *Rodriguez v. Warden Ste. Genevieve Cnty. Det. Ctr.*, 1:26-cv-00165-SNLJ, 2026 WL 2122670, at *1 (E.D. Mo. July 23, 2026) (permitting a family member to file petition for federal immigration detainee).

According to the motion, the petitioner does not have meaningful access to legal resources or the means to prepare and file the documents required to litigate his case.

[Doc. 2 at ¶ 2]. Movant states she is acting with petitioner's knowledge and authorization and is dedicated to petitioner's best interests. [*Id.* at ¶¶ 1, 4]. As the petitioner's spouse, movant has demonstrated "a sufficient relationship and interest linking the would-be next friend to the detainee." *See Smith By & Through Missouri Pub. Def. Comm'n v. Armontrout*, 812 F.2d 1050, 1053 (8th Cir. 1987) ("A person generally lacks standing to prosecute a federal habeas corpus petition on behalf of another unless he or she can show a reasonable excuse as to why the detainee did not sign and verify the petition, and a sufficient relationship and interest linking the would-be next friend to the detainee."). For these reasons, the motion will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Recognition of Next Friend Status pursuant to 28 U.S.C. § 2242 is **GRANTED**.

**SO ORDERED** this 10th day of November, 2026.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE